UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

PLAINTIFF,

v.

JORGE LUIS BARON,

Defendant.

No. CR-06-2095-FVS
CV-08-3048-FVS

ORDER DENYING DEFENDANT'S SECTION 2255 MOTION

**THIS MATTER** comes before the Court without oral argument based upon Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Ct. Rec. 120 & 122). Defendant is proceeding pro se.

**BACKGROUND**

On June 13, 2006, Defendant was indicted on two counts of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). On March 8, 2007, a jury returned a verdict convicting Defendant on both counts.

Prior to sentencing, Defendant challenged the pre-sentence report, arguing, among other things, that a sentencing enhancement under the Armed Career Criminal Act was not appropriate because his 1994 convictions amounted to a single criminal episode. (Ct. Rec.

89). On June 13, 2007, pursuant to *United States v. Phillips*, 149 F.3d 1026, 1031 (9th Cir. 1998), this Court overruled Defendant's Armed Career Criminal Act enhancement objection and sentenced Defendant to a term of 210 months imprisonment. The Ninth Circuit affirmed Defendant's sentence on May 5, 2008. (Ct. Rec. 119). In an unpublished opinion, the Ninth Circuit indicated that Defendant's argument with respect to the Armed Career Criminal Act enhancement failed under the *Phillips* case. (Ct. Rec. 118 at 2).

On July 29, 2008, Defendant moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Ct. Rec. 120). To correct deficiencies with his initial § 2255 motion, Defendant submitted an amended motion on August 15, 2008. (Ct. Rec. 122).

**STANDARD**

Under 28 U.S.C. § 2255, a federal prisoner may move the Court to vacate, set aside, or correct his or her sentence on the grounds that (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence; or (3) the sentence was in excess of the maximum authorized by law. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney . . . ." 28 U.S.C. § 2255. However, the Court may sua sponte dismiss the motion if "it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court." Rule 4(b), Rules Governing Section 2255 Proceedings For the United States District Courts. Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily

dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

**DISCUSSION**

**I. *Heller* Case**

Defendant's first ground for relief asserts that his conviction is illegal as a result of the recent Supreme Court decision in *District of Columbia v. Heller,* 554 U.S. ----, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008).

In *Heller*, the United States Supreme Court recognized for the first time an individual right under the Second Amendment to bear arms, and struck down the District of Columbia's outright ban on handgun possession. *Heller*, 128 S.Ct. at 2799. However, the *Heller* Court specifically acknowledged restrictions on a felon's right to bear arms and stated as follows:

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Id.* at 2816-2817. The Court also made clear that those were only examples of presumptively lawful prohibitions, not an exhaustive list. *Id*. at 2817 n. 26.

Title 18, United States Code, Section 922(g) is unquestionably a longstanding prohibition on the possession of firearms by certain classifications of people. The *Heller* Court's illustrative list of prohibitions on the constitutionality of which it was explicitly not

casting doubt included § 922(g)(1) (possession of a firearm by a felon) and § 922(g)(4) (possession of a firearm by one who has been adjudicated as mentally defective or who has been committed to a mental institution). On its face, then, *Heller* did not disturb or implicate the constitutionality of § 922(g), and was not intended to open the door to a raft of Second Amendment challenges to § 922(g) convictions. *See, United States v. White*, 2008 WL 3211298, 1 (S.D. Ala. 2008).

Moreover, no court that has examined *Heller* has found 18 U.S.C. § 922(g) constitutionally suspect. *See, e.g., United States v. Gilbert,* 2008 WL 2740453, 2 (9th Cir. July 15, 2008) ("Under *Heller,* . . . convicted felons, such as Gilbert, do not have the right to possess any firearms."); *United States v. Robinson,* 2008 WL 2937742, 2 (E.D. Wis. July 23, 2008) (rejecting *Heller* challenge to constitutionality of § 922(g)(1), and noting that "no court has, even under an individual rights interpretation of the Second Amendment, found 18 U.S.C. § 922(g) constitutionally suspect"); *United States v. Walters,* 2008 WL 2740398, 1 (D. V.I. July 15, 2008) (denying motion to dismiss § 922(g) count on *Heller* grounds). There has been no indication that the principles enunciated in *Heller* call into question the constitutionality of § 922(g). Accordingly, Defendant has failed to demonstrate a constitutional violation under ground one.

**II. 18 U.S.C. § 924(e)**

Defendant next alleges that the District Court improperly counted his three prior drug convictions as three separate offenses for purposes of enhancing his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

Pursuant to 18 U.S.C. § 924(e), a defendant convicted of Felon in Possession of a Firearm will have his sentence enhanced if he has three prior convictions for violent felonies or serious drug offenses that were "committed on occasions different from one another." 18 U.S.C. § 924(e).

As previously explained by this Court (Ct. Rec. 91) and the Ninth Circuit (Ct. Rec. 118), the Armed Career Criminal Act applies to Defendant because he previously committed three serious drug offenses, and Defendant's argument to the contrary fails. Under *United States v. Phillips*, 149 F.3d 1026, 1031 (9th Cir. 1998), two actions that are temporally distinct constitute separate predicate offenses, even if committed within hours of one another. As noted by the Ninth Circuit, "[t]he key is that after one crime is complete, the defendant has the opportunity to stop and not engage in a second criminal act." (Ct. Rec. 118 at 2-3, quoting, *Phillips*, 149 F.3d at 1032).

Here, Defendant sold cocaine to the same individual at three distinct times. These acts constitute three separate offenses even though they occurred in the same location. Because Defendant previously committed three serious drug offenses on three separate occasions, the Armed Career Criminal Act, 18 U.S.C. § 924(e), applied to Defendant. Defendant has not provided any evidence to convince this Court that his constitutional rights were violated under ground two.

**III. Ineffective Assistance of Counsel**

Defendant alleges he was deprived of constitutionally effective assistance by his attorney's failure to contest the violation of Defendant's Second Amendment rights in light of the *Heller* case.

Defendant additionally alleges that his counsel rendered ineffective assistance by improperly and ineffectively arguing against the enhancement of his sentence under the Armed Career Criminal Act. These allegations are governed by the familiar, two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Not only must Defendant demonstrate that his attorney's performance was deficient, but he must also demonstrate that he suffered resultant prejudice. *Id.* at 687, 104 S.Ct. at 2064. No such showing has been made by Defendant.

As discussed above, Defendant's argument with respect to the *Heller* case is misplaced. Contrary to Defendant's assertions, the *Heller* decision does not disturb or implicate the constitutionality of § 922(g). Since the *Heller* case does not apply to Defendant, defense counsel's failure to raise this case or argue in a manner proscribed by Defendant in the instant motion was not deficient. Defendant thus suffered no prejudice as a result of his attorney's failure to raise this issue.

Likewise, Defendant's assertion that his counsel ineffectively argued against the enhancement of his sentence under the Armed Career Criminal Act lacks merit. Defense counsel unsuccessfully challenged the application of 18 U.S.C. § 924(e) to Defendant's case. Nevertheless, as discussed, Defendant's argument with respect to § 924(e) is undermined by *Phillips*, 149 F.3d at 1031 (9th Cir. 1998) ("'The rule [is that] offenses that are temporally distinct constitute separate predicate offenses, even if committed within hours of each other.'" (quoting *United States v. Maxey*, 989 F.2d 303, 306 (9th Cir. 1993))). It is clear that the Armed Career Criminal Act, 18 U.S.C. §

924(e), applied to Defendant because he previously committed three serious drug offenses on three separate occasions. Nothing Defendant's counsel could have said or done would have changed these facts or the Court's determination based on these facts. Consequently, Defendant is not able to demonstrate his counsel was deficient or that prejudice resulted from his counsel's actions with respect to this issue.

Based on the foregoing, the Court finds that Defendant was not deprived of constitutionally effective assistance.

**CONCLUSION**

It "plainly" appears from the face of Defendant's Section 2255 motion and the prior proceedings in the case that Defendant is not entitled to relief. Therefore, it is not necessary to direct the United States Attorney to file a response to the motion, and it is not necessary to conduct an evidentiary hearing. Summary dismissal is appropriate.

The Court being fully advised,

**IT IS HEREBY ORDERED** that Defendant's Section 2255 Motions (**Ct. Rec. 120 & 122**) are **DENIED**. The District Court Executive is directed to close the corresponding civil case: **CV-08-3048-FVS.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to Defendant and to counsel for the government.

**DATED** this 25th day of November, 2008.

S/Fred Van Sickle
Fred Van Sickle
Senior United States District Judge