FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 18, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JORGE BARON,<br><br>    Defendant. | NO. 2:06-cr-02095-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** |

Before the Court is Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 139. The motion was considered without oral argument. Defendant argues that he is entitled to habeas relief in light of the Supreme Court's holding in *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019). Having considered the motion and the relevant caselaw, the Court denies the motion.

### Background

Defendant was arrested, indicted, and convicted of two counts of felon in possession of a firearm in 2006. ECF No. 139-3. Defendant alleges that he was

tricked into trying to sell a firearm to his girlfriend's brother, a Yakama Nation police officer. *Id.* Defendant was sentenced to 210 months imprisonment pursuant to a sentencing enhancement under the Armed Career Criminals Act (ACCA) based on offenses in 1994 and 1996. Defendant appealed his conviction on the grounds that the ACCA sentencing enhancement should not have been applied, but the appeal was denied. ECF No. 139. A petition for writ of certiorari to the Supreme Court was also denied. *Id.*

Since then, Defendant has filed or attempted to file several federal habeas petitions under § 2255. In July 2008, Defendant filed a § 2255 based on the Supreme Court's holding in *District of Columbia v. Heller*, 554 U.S. 570 (2008). In that motion, Defendant argued that he was entitled to relief because the *Heller* Court recognized a Second Amendment right to bear arms in one's home. ECF No. 120. The Court denied the motion on grounds that the *Heller* Court explicitly recognized that the federal government could constitutionally prohibited felons from possessing firearms. ECF No. 124. And in February 2017, the Ninth Circuit denied Defendant's application to file a second or successive § 2255 motion based on the Supreme Court's holding in *United States v. Johnson*, 135 S. Ct. 2251 (2015). ECF No. 138. The Ninth Circuit reasoned that Defendant's sentence was not entitled to review because the sentencing enhancements made in Defendant's sentence were "serious drug offenses" under ACCA and therefore *Johnson* was inapplicable. *Id.*

**Standard**

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

(1) the sentence was imposed in violation of the Constitution or laws of the United States;

(2) the court was without jurisdiction to impose such sentence; or

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** * 2

(3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). When reviewing a § 2255 motion, courts apply a harmless error standard. *United States v. Montalvo*, 331 F.3d 1052, 1057 (9th Cir. 2003) (holding that the harmless error standard applies to habeas cases brought under § 2255). Under *Brecht*, a constitutional error does not require reversal of conviction unless the petitioner can show that the error was of such magnitude as to have a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

However, the Antiterrorism and Effective Death Penalty Act (AEDPA) places restrictions on a prisoner's ability to file § 2255 motions. AEDPA bars second or successive § 2255 petitions unless approved by a U.S. Court of Appeals. 28 U.S.C. § 2255(h). If a petitioner fails to secure approval to file a second or successive habeas petition, the motion must be denied unless it falls within one of two exceptions. *Id.* First, a successive petition based on a new rule of constitutional law made retroactively applicable by the Supreme Court is not automatically barred by AEDPA. *Id.* Second, a successive petition based on newly discovered facts that could not have been discovered with due diligence and would give reasonable factfinders grounds to reach a different conclusion is not automatically barred by AEDPA. *Id.*

## Discussion

In the present motion, Defendant argues that the district court erred in two ways. First, Defendant argues the Court erred when it sentenced him under § 922(g) because the Government failed to prove that he knew he belonged to a category of persons barred from possessing a firearm. Citing *Rehaif*, Defendant argues that he was not aware that his prior drug convictions made it so that he could not lawfully possess a firearm. Second, Defendant again argues the Court erred when it applied the ACCA enhancement when the predicate offenses for the

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** * 3

enhancement were more than 10 years old at the time of sentencing. Defendant offers no argument in favor of this second point in his motion.

Defendant's motion is denied because he failed to secure approval to file a second or successive § 2255 motion from the Ninth Circuit Court of Appeals. In addition, Defendant's motion does not fall into either of the exceptions to the bar on successive petitions. Because Defendant failed to get this approval, the present motion is a second or successive § 2255 barred by AEDPA.

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2255 may appeal a district court's adverse ruling on his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Boyer v. Chappell*, 793 F.3d 1092, 1106 (9th Cir. 2015) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted). Defendant has not made such a showing.

Accordingly**, IT IS HEREBY ORDERED:**

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 139, is **DENIED**.

//
//
//
//
//

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** * 4

2. The Certificate of Appealability is **DENIED**. An appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and close the file.

**DATED** this 18th day of November 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** * 5